## TAX COMMISSION v REEVES, Exrx, Etc

Ohio Appeals, 2nd Dist, Franklin Co

No. 1955. Decided Jan 14, 1931

Gilbert Bettman and William Ford, Columbus, for plaintiff in error.

James I. Boulger, Columbus, for defendants in error.

KUNKLE, J.

The rule is well settled in this state and has been announced at different times by this court that statutes imposing taxes and public burdens of that class are to be strictly construed and where there is ambiguity which raises a doubt as to legislative intent such doubt must be resolved in favor of the citizen upon whom the burden is sought to be imposed. See 55 Oh St 82-91.

Sec 5332 GC provides:

"A tax is hereby levied upon the succession to any property passing, in trust, or otherwise, to or for the use of a person, institution or corporation in the following cases: * * *"

The tax is placed, under the statute, upon the succession, that is, upon the acquiring of the ownership by reason of such succession.

We have examined the authorities cited by counsel in their exhaustive briefs and without attempting to discuss the same in detail, we can not escape the conclusion that the dower interest in the real estate of which William A. Reeves died seized, and being of the agreed value of $8,797.92, does not constitute a succession and is therefore not subject to an inheritance tax.

This dower interest of Mrs. Reeves, was a result of the marriage. It was a right which accrued to her by operation of law and not by virtue of the will of Mr. Reeves. It was a valuable right of which he could not have deprived her had he so desired. As above stated, we think this dower interest formed no part of the succession which Mrs. Reeves received from her husband.

In reference to the personal property, viz; the bonds, etc., which were placed in the lock box of the Huntington National Bank, we have read the record setting forth the evidence with considerable care and are of opinion that the record shows these bonds were the joint property of Mr. and Mrs. Reeves.

On Page 11 of the record, we find the following:

"Q. Now, Mrs. Reeves, do you know anything about his ownership of a safety deposit at the Huntington National Bank? A. Yes.

Q. Exhibit B here shows a card containing the words, 'Joint Owners, Reeves, W. A. & Mary E., safe deposit box No. 4915,' sign-

156

ed by Mr. Reeves and by you dated April 6th, 1926. Do you remember the rental of that box and the signing of that card? A. Yes, I do.

Q. Now do you know whether the box was rented on April 6, 1926? A. Yes, it was.

Q. Do you know whether anything was put in the box on that day? A. The bonds, the land bank bonds.

Q. Who got the land bank bonds and where did they come from? A. Mr. Reeves and I went to the Ohio Bank and got them out of the box there and took them to the Huntington Bank.

Q. Now did Mr. Reeves and you have any conversation with Mr. Stone there about the manner in which the box should be held that you remember? A. Yes, that we were joint owners, that Mr. Reeves said to Mr. Stone that I had as much right to the contents of the box as—

Mr. Ford: Wait a minute.

The Witness: Or of the box as he had.

Mr. Ford: Wait. Now, of course, as to the contract, that is in writing here.

Q. Mrs. Reeves, was anything said on that occasion by Mr. Reeves about those bonds? A. Not to Mr. Stone that I remember.

Q. Was anything said to you about it? A. To me he said 'We will put these bonds in here so that you can come in and clip the coupons when they are due.'

Q. Was anything said about the ownership of the bonds? A. Yes, he said they were—'They are yours and mine'."

It appears that the coupons from these bonds were clipped at different times and deposited in the bank to the credit of Mr. Reeves.

We cannot escape the conclusion from the statements of Mr. Reeves, as found in her answers to the questions quoted above on pages 11 and 12 of the record, and especially from the last answer above quoted that the understanding between Mr. and Mrs. Reeves was that they were joint owners of these bonds in the Huntington Bank.

Paragraph 5 of §5332 GC provides,

"Whenever property is held by two or more persons jointly, so that upon the death of one of them the survivor or survivors have a right to the immediate ownership or possession and enjoyment of the whole property, the accrual of such right by the death of one of them shall be deemed a succession taxable under the provisions of this sub-division of this chapter in the

same manner as if the enhanced value of the whole property belonged absolutely to the deceased person and had been by him bequeathed to the survivor or survivors by will."

The Supreme Court of Ohio, in the case of **Tax Commission of Ohio v Hutchinson, et, 120 Oh St, p 361,** had under consideration a case involving facts somewhat similar to the case at bar. The syllabus of this case is as follows:

"Under the provisions of §5332 GC 'whenever property is held by two or more persons jointly, so that upon the death of one of them the survivor or survivors have a right to the immediate ownership or possession and enjoyment of the whole property, the accrual of such right by the death of one of them shall be deemed a succession taxable' pursuant to the laws of this state, the succession tax may be imposed upon the interest of a deceased husband accruing to a wife in a joint bank account maintained by them to which both contributed which was subject to withdrawal by either during life, and in case of death of either the balance to belong to the survivor; such tax is collectable even though such joint bank account was created prior to the enactment of the statute providing for succession taxes if it appears that the death of one of such joint owners was subsequent to the passage of such statute."

In view of the provisions of §5332 GC and of the reasoning found in the above quoted decisions of our Supreme Court and other authorities cited in the briefs of counsel, we are of opinion that the bonds in question are subject to an inheritance tax.

The judgment of the Common Pleas Court will therefore be reversed to the extent above indicated.

ALLREAD and HORNBECK, JJ, concur.